UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
EARL E. KEITH,

                        Plaintiff,                                  ORDER
                                                                  *Lead Case*
     v.                                                                 23-CV-9461-SJB-LGD

                                                                  *Related Cases*
AUSTIN COINS, INC., et al.,                             24-CV-0206-SJB-LGD
                                                                    24-CV-0218-SJB-LGD
                      Defendants.                       24-CV-0220-SJB-LGD
                                                                      24-CV-1125-SJB-LGD
                                                                    24-CV-1662-SJB-LGD
-----------------------------------------------------------------X

**BULSARA, United States District Judge:**

Plaintiffs have filed two omnibus motions to strike the answers of pro se Defendant Patrick J. White ("White") and three unrepresented corporate Defendants, Austin Lloyd, Inc., Austin Coins, Inc., and P. White Holdings, LLC, (collectively, "Corporate Defendants") in six related cases.[1]  (Mot. to Strike Answers of White dated Aug. 22, 2025, Dkt. No. 119 at 2; Mot. to Strike Answers of Unrepresented Corp. Defs. dated Aug. 4, 2025 ("Mot. to Strike Corp. Defs."), Dkt. No. 118 at 2).  Magistrate Judge Dunst directed Plaintiffs to file such a motion for White if he failed to produce certain discovery by September 5, 2025, (Min. Entry dated July 8, 2025, Dkt. No. 109), and for the Corporate Defendants if they failed to obtain representation after their counsel

---

[1] *Earl E. Keith v. Austin Coins, Inc., et al.*, No. 23-CV-9461 (lead case); *AnnaMarie Eakins v. Austin Lloyd, Inc., et al.*, No. 24-CV-0206; *Bobby Nowell v. Austin Coins, Inc., et al.*, No. 24-CV-0218; *John H. Fikse v. Austin Lloyd, Inc., et al.*, No. 24-CV-0220; *David R. Grindle v. Austin Coins, Inc., et al.*, No. 24-CV-1125; *William Kevin Cleary v. Austin Lloyd, Inc., et al.*, No. 24-CV-1662.  All docket citations refer to the lead case, No. 23-CV-9461.

withdrew, (Order dated Nov. 25, 2024; Min. Entry dated Apr. 3, 2025, Dkt. No. 91). For the reasons below, both motions are denied.

I.  Pro Se Defendant White

"[A] sanction so drastic as striking an answer or entering a default judgment is not ordinarily imposed unless the disobedience has been willful, or in bad faith, or otherwise culpable[.]" *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990); *Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir. 1979) ("[T]he most drastic sanctions may not be imposed as 'mere penalties[.]'" (citation omitted)). Here, the record is insufficiently developed to warrant striking White's answer. Judge Dunst has not made findings sufficient to strike the answer of a pro se litigant—a remedy that would effectively find for the Plaintiffs on all their claims—based on White's failure to produce discovery.

For one thing, there has been no finding of fault, *i.e.*, willfulness or bad faith, and Plaintiffs cite to no such finding in their motion. Furthermore, while some of Judge Dunst's orders refer to "sanctions" broadly, none of them specifically say that White will be held in default by non-compliance, and the case against him will essentially end. (*See, e.g.*, Order dated May 5, 2025 (warning White of "sanctions" for failure to comply with discovery order)). An order directing the party entitled to discovery to file a motion to strike (*e.g.*, Min. Entry dated July 8, 2025, Dkt No. 109) is not a warning to the disobedient party. *See World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp.*, 694 F.3d 155, 160 (2d Cir. 2012) ("Most critically, there is no indication in the record that WWP had any notice that a possible consequence of late filing could be striking its

request for damages and no opportunity to argue its case before the court prior to such harsh action being taken against it.  Parties must be given notice and an opportunity to respond before a cause of action, or potential remedy, is dismissed as a sanction for failure to comply with court orders."); *U.S. Freight Co. v. Penn Cent. Transp. Co.*, 716 F.2d 954, 955 (2d Cir. 1983) ("Where, as here, that expressly permitted sanction was imposed for failure to comply with a discovery order of which the party had proper notice, and only after an opportunity to argue its case against the proposed sanction, the court has both protected Penn Central's procedural rights and acted within the proper scope of its discretion.").

Finally, beyond a warning and finding of fault, the ultimate sanction of striking an answer requires far more, including consideration of lesser sanctions, like fees, costs, or an adverse inference. *World Wide Polymers*, 694 F.3d at 159 (evaluating Rule 37 sanctions for consideration of "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." (quotations and citation omitted)).  Here, there is no record of consideration of lesser sanctions before the direction to Plaintiffs to file a motion to strike.

Even if all these gaps were not present, Plaintiffs' motion fails on its own terms.  Conclusory statements, unsupported by declaration or other evidence explaining the importance of the discovery White failed to produce, are not sufficient to strike an answer.  Nor is a single (or second) failure to produce discovery.  *U.S. Freight Co.*, 716

3

F.2d at 954 ("Standing alone, a single pretrial violation, such as this party's failure to respond to a document request by the date ordered, would not ordinarily result in an imposition of a sanction of such finality as striking defendants' answer and entering judgment by default."); *United States v. Aldeco*, 917 F.2d 689, 690 (2d Cir. 1990) (finding sanction of default judgment too harsh for two missed discovery deadlines without a "pattern of repeated discovery violations"). To be clear, there, in fact, may be a record of willful non-compliance, the consideration of lesser sanctions, and adequate warnings to White that would justify the ultimate penalty of striking the answer. But it was not presented here in Plaintiffs' motion.

The motion to strike White's answers is denied. Any future application for sanctions, based on prior or future misconduct, should be made to Judge Dunst; if he determines that the sanction is dispositive, he should issue a report and recommendation; otherwise, he is free to enter an order and decide the issue.

II.     Unrepresented Corporate Defendants

Plaintiffs have also moved to strike the answers of three corporate defendants, Austin Lloyd, Inc., Austin Coins, Inc., and P. White Holdings, LLC, that are currently unrepresented because their prior counsel withdrew on November 25, 2024. (Order dated Nov. 25, 2024). Though it is well-established that corporations may not proceed pro se in federal court, *see Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006) ("[I]t is settled law that a corporation may not appear in a lawsuit against it except through an attorney[.]" (quotations and citation omitted)), they must be given time to obtain counsel and must be warned of the failure to do so. The Corporate Defendants

4

in this case certainly had ample time—almost ten months—to obtain counsel.  *E.g.*, *Xiamen ITG Grp. Corp. v. Peace Bird Trading Corp.*, No. 19-CV-6524, 2024 WL 5399245, at *18 (E.D.N.Y. Aug. 30, 2024), *report and recommendation adopted* (Sep. 26, 2024) ("Courts have held that durations of a year, and even of six months, sufficiently weigh in favor of dismissal for unrepresented corporations.").

However, there is no indication that any of the relevant orders were sent to the last known business addresses of the corporations (or other designated corporate address); nor does there appear to have been any direction to prior counsel to inform their former client about the need to obtain counsel, or any warning issued to the Corporate Defendants that failing to appear without counsel would result in an entry of default or similar sanction.  (*See, e.g.*, Order dated Nov. 6, 2024 (directing Corporate Defendants to advise the Court of their retention of new counsel and directing current counsel to serve the order, but containing no warning of failure to comply); Order dated Nov. 25, 2024 (granting counsel's motion to withdraw and extending the deadline for Corporate Defendants to provide an update on the retention of counsel)).  Some of the more recent orders appear not to have been served on any address associated with the Corporate Defendants.  (*E.g.*, Min. Entry dated Apr. 3, 2025, Dkt. No. 91 (setting deadline for Plaintiffs to file any motion to strike or for default judgment); Certificate of Service dated Apr. 7, 2025, Dkt. No. 92 at 2 (showing that all Corporate Defendants were served at White's home address)).

Although the record does reflect that White, a principal of all three business entities, was told about the need to retain counsel for the Corporate Defendants, (Mem.

5

in Support of Mot. to Strike Corp. Defs. dated Aug. 4, 2025 ("Mem. in Support of Mot. to Strike Corp. Defs."), attached as Ex. 1 to Mot. to Strike Corp. Defs., Dkt. No. 18-1 at 6), White's address is different from that of the Corporate Defendants, and he is not their sole director, officer, or principal. (*See, e.g.*, Compl. dated Dec. 22, 2023, Dkt. No. 1 ¶¶ 3, 6–12).[2] Indeed, the transcript of a January 2025 status conference discussing the Corporate Defendants suggests some ambiguity about White's ability to represent—and thus notify—other Defendants. (*See* Mem. in Support of Mot. to Strike Corp. Defs. at 6).[3] And, as explained above, while Plaintiffs were directed to file a motion to strike the answer, (*e.g.*, Min. Entry dated Apr. 3, 2025, Dkt. No. 91), that is not notice to the Corporate Defendants. Without proper notice and warning, a motion to strike cannot be granted. *See Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 745 (11th Cir. 2017) ("We understand that the district court struck Leung's letter as an unauthorized *pro se* filing on behalf of a corporation. But the court did so without notice to CollectA

---

[2] The corporations all have different addresses listed with the Secretary of State, only one of which names White. Austin Coins, Inc. is currently registered at 1019 Fort Salonga Road, Suite 103, Northport, NY 11768. Austin Lloyd, Inc. is at the same address but in Suite 112. And P. White Holdings, LLC is registered at the care of White at the same address as Austin Lloyd, Inc. Department of State Corporation and Business Entity Database, https://apps.dos.ny.gov/publicInquiry/ (last visited Sep. 17, 2025). When Plaintiffs served the Court's November 25, 2024 Order granting withdrawal of Defendants' counsel, they served all the Corporate Defendants at an entirely separate location: their physical business address of 48 S. Service Road, Melville, NY 11747. (Certificate of Service dated Nov. 25, 2024, Dkt. No. 68 at 4).

[3] In January 2025 Plaintiffs began serving the Corporate Defendants at White's home address. (Certificate of Service filed Jan. 30, 2025, Dkt. No. 78 at 2). This is perhaps in response to White's communication to the Court that he is "the defendant for Patrick White, Austin Coins, Inc., Austin Lloyd Inc., [and] P. White Holdings, LLC." (Email from White dated Dec. 18, 2025, Dkt. No. 74).

and an opportunity to obtain counsel, which generally is required before a court takes a dispositive action with respect to a corporate party, such as striking a filing, dismissing a case, or, as here, entering default judgment.").

Separately, seeking to strike the answer is not the appropriate means of achieving the ultimate goal of obtaining a default judgment, since it would not result in an entry of default, the prerequisite to a default judgment. *Cf. Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) ("The district court made clear that it found Ethan in default not for failure to answer the amended complaint but for failure to retain substitute counsel after Brown withdrew."). Entry of default for failure to defend skips this unnecessary additional step. *See Shapiro, Bernstein & Co. v. Cont'l Rec. Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) ("[D]efendant was under an order of the district court to appoint counsel so that this case could proceed to trial. Without question, such cavalier disregard for a court order is a failure, under Rule 55(a), to 'otherwise defend as provided by these rules.' In addition, it is settled law that a corporation cannot appear other than by its attorney.").

Judge Dunst is respectfully directed to set a deadline for the Corporate Defendants to obtain counsel, and direct Plaintiffs' counsel or the Clerk's Office to serve such notices on the last known business addresses identified herein, with a warning that failure to obtain counsel may lead to an entry of default or default judgment. Should that time elapse without counsel appearing for any Corporate Defendants,

7

Plaintiffs' counsel should then be directed to seek an entry of default from Judge Dunst for failure to defend pursuant to Rule 55(a).

SO ORDERED.

*/s/ Sanket J. Bulsara*
SANKET J. BULSARA
United States District Judge

Date:   September 18, 2025
        Central Islip, New York